**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4539**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JEVAN ANDERSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:97-cr-00034-FL-1)

Submitted:  July 31, 2009          Decided:  August 12, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary J. Darrow, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us for a fifth time on Jevan Anderson's appeal from resentencing following a fourth remand from this court. Anderson was convicted in 1999 for conspiracy to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (2006). Between Anderson's initial sentence and now, the Supreme Court handed down its landmark decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), and the United States Sentencing Commission amended the federal sentencing guidelines for crack cocaine offenses, all of which have impacted Anderson's sentence.

Most recently, we found that the district court had properly calculated Anderson's guidelines range to be 262 to 327 months' imprisonment based upon offense level thirty-six and criminal history category IV. However, we vacated the 144-month downward variance sentence imposed by the district court, finding the sentence to be both procedurally and substantively unreasonable. United States v. Anderson, 241 F. App'x 941 (4th Cir. 2007) (Nos. 06-4725, 06-4849).

Upon remand, the district court rejected Anderson's request for a downward variance sentence. However, because of the retroactive amendments to the federal sentencing guidelines pertaining to crack cocaine offenses, which were promulgated

2

after our most recent remand,[1] the court found that Anderson was eligible for a two-level reduction in offense level, resulting in a guidelines range of 210 to 262 months' imprisonment.[2] Anderson sought a downward variance sentence based on the disparity between his sentence and those of his co-defendants, new evidence he asserted established that his conviction and the drug quantities attributed to him were based upon perjured testimony, his advanced age, and his family circumstances. Although the court declined to impose a variance sentence, the court sentenced him to 210 months in prison, a sentence at the bottom of the amended guidelines range, "because of the circumstances presented here."

Anderson timely appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal, but questioning whether the district court's failure to reimpose the previous 144-month variance sentence violated the doctrine of stare decisis and whether Anderson's sentence was reasonable.

---

[1] See U.S. Sentencing Guidelines Manual § 2D1.1 (2007 & Supp. 2008); USSG App. C., Amends. 706, 711, 715; USSG § 1B1.10(c), p.s. (2008).

[2] The court applied the amended guidelines through an order granting its sua sponte motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) (2006).

Anderson filed a pro se supplemental brief asserting additional challenges to his sentence.

We turn first to Anderson's claim that the district court violated the doctrine of stare decisis by failing to reimpose the earlier 144-month sentence. This doctrine of precedent requires a court to follow earlier judicial rulings when the same issues arise again. Here, the doctrine is inapposite because we vacated the judgment imposing the 144-month sentence, finding the downward variance sentence to be both procedurally and substantively unreasonable.

Defense counsel also questions whether Anderson's sentence was reasonable under Booker and its progeny. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including: "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. We "then consider the substantive reasonableness of the sentence imposed." Id. If the sentence is within the guidelines range,

4

we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597. Moreover, the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the guidelines range. Rita, 127 S. Ct. at 2468. While the individualized assessment of each defendant need not be elaborate or lengthy, it must provide a rationale tailored to the particular case at hand and be adequate to permit appellate review. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and

[are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). In addition, where the parties present nonfrivolous reasons for imposing a sentence outside the advisory guidelines range, the district court should address the party's arguments and explain why they were rejected. Rita, 127 S. Ct. at 2468. We have reviewed the record with these standards in mind and find Anderson's sentence to be procedurally and substantively reasonable.

To the extent that counsel argues that Anderson's sentence fails to adequately reflect the crack cocaine/powder cocaine sentencing disparity, her argument is meritless. The crack cocaine guidelines amendments address the disparity between sentences for crack offenses and powder cocaine offenses and, as discussed above, we find that the district court properly applied the amendments to reduce Anderson's guidelines range and, ultimately, his sentence.

In accordance with Anders, we have reviewed the record for any meritorious issues for appeal and have found none.[3] Thus, we affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his

---

[3] We have reviewed the claims in Anderson's pro se supplemental brief and conclude that they are without merit.

6

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED